```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BERNARD CAMPBELL              :     CIVIL ACTION
                              :
        v.                    :
                              :
KELLY, et al.                 :     NO.  02-6814
```

**Padova, J.**  <u>                MEMORANDUM              </u>   July __, 2003

    *Pro se* Plaintiff filed suit against Defendants, City of Philadelphia police officers, The Philadelphia County District Attorney, and a Philadelphia County Assistant District Attorney, alleging violations of his constitutional rights and asserting various state law claims. On June 4, 2003, Defendants Kelly, Gilbert, Kravitz and Keilly (the "Police Officer Defendants") filed a Motion for Summary Judgment. On June 9, 2003, Defendants Abraham and Kaplan (the "District Attorney Defendants") filed a separate Motion for Summary Judgment. Plaintiff did not file a response to either of these Motions. For the reasons that follow, the Court grants both Motions.

I. BACKGROUND

    On October 22, 2002, *pro se* Plaintiff Bernard Campbell instituted this action against District Attorney Lynne Abraham and Assistant District Attorney Lee Kaplan ("the District Attorney Defendants"), in their individual and official capacities, Police Officers Kelly, Gilbert, Keilly and Kravitz ("the Police Officer

Defendants"), and two unnamed "John Doe" police officer Defendants. Plaintiff asserted that the Defendants violated his constitutional rights in connection with his arrest and subsequent prosecution for illegal gun possession. Specifically, Plaintiff's Complaint asserted that the Police Officer Defendants used excessive force and arrested Plaintiff without probable cause on February 12, 2000. Plaintiff further asserted that the Police Officer Defendants conspired with the District Attorney Defendants to falsely arrest him and to initiate a criminal prosecution against him without probable cause. Plaintiff based his claims upon 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiff also asserted pendant state law claims for false arrest, false imprisonment, obstruction of justice, negligence, gross negligence, malicious prosecution and assault and battery. On December 3, 2002, Defendant Kravitz filed a Motion to Dismiss Plaintiff's Complaint, asserting that Plaintiff's claims against the officers were barred by the two-year statute of limitations. By Order dated January 30, 2003, the Court denied Officer Kravitz's Motion, noting that Plaintiff's response to Officer's Kravitz's Motion contained factual assertions that could not be properly decided on a Motion to Dismiss. On December 19, 2002, the District Attorney Defendants also filed a Motion to Dismiss, asserting that Plaintiff's claims against the District Attorney Defendants were barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), and were further barred by the

2

doctrine of absolute immunity.  By Order dated February 11, 2003, the Court dismissed all claims against the District Attorney Defendants based upon the initiation of criminal charges against and malicious prosecution of Plaintiff, and further dismissed all claims against the District Attorney Defendants in their official capacities.  Thus, the only claims that remain in the case are those federal civil rights claims, as well as those pendant state law claims, related to Plaintiff's February 12, 2000 arrest.

II.  LEGAL STANDARD

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) ("Rule 56"). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material

3

fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial <u>Celotex</u> burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." <u>Id.</u> at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. <u>Anderson</u>, 477 U.S. at 255. "If the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. <u>Big Apple BMW, Inc. v. BMW of North America, Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992).

III. DISCUSSION

### A. Federal Claims Asserting Violations of Constitutional Rights

#### I. Statute of limitations

Claims which assert violations of the federal civil rights statutes are governed by the statute of limitations for personal injury claims of the state where the constitutional violation occurred. Wilson v. Garcia, 471 U.S. 261 (1985); Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985). Pennsylvania law provides for a two-year statute of limitations for personal injury claims, accruing from the date that the injury occurred. See 42 Pa. C.S.A. § 5524. Claims arising from false arrest, false imprisonment and excessive force used in effectuating an arrest begin to accrue on the date of the arrest. See Molina v. City of Lancaster, Civil Action No. 00-3508, 2001 WL 322809, at *4 (E.D. Pa. Mar. 30, 2001) (citing Montgomery v. DiSimone, 159 F.3d 120, 126 n.5 (3d Cir. 1998); Growman v. Township of Manalapan, 47 F.3d 628, 633-34 (3d Cir. 1995)); see also Jackson v. Nicoletti, 875 F. Supp. 1107, 1109 (E.D. Pa. 1994).

It is not disputed that the arrest which forms the basis for Plaintiff's remaining claims occurred on February 12, 2000. Plaintiff filed the Complaint in the instant case on August 16, 2002, more than six months after the expiration of the two-year statute of limitations period. However, in his response to

Defendant Kravitz's Motion to Dismiss, Plaintiff appeared to invoke the doctrine of equitable tolling.  Specifically, Plaintiff asserted that he originally filed a complaint in this Court on June 30, 2001, containing allegations substantively identical to the ones in the instant Complaint. (See Campbell v. Kelly, Docket # 01-3047).  As Plaintiff notes, this Complaint was dismissed by this Court on July 13, 2001, with leave for Plaintiff to re-file the action and pay the requisite filing fee.  Plaintiff asserts that he never received a copy of the July 13, 2001 Order dismissing his case.  Plaintiff further asserts that he was in the process of being transferred from one prison to another during this period and, despite notifying the Clerk of Court regarding his change of address, received no word the Clerk of Court had done so.  Thus, Plaintiff asserted his failure to receive the Order was due to the fact that he was in transit at the time, a condition over which he had no control.

"Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Miller v. New Jersey State Dept. Of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal

6

citations, quotations, and punctuation omitted).

Plaintiff's submissions in the instant case fail to demonstrate that he exercised reasonable diligence in pursuing the instant claim. Plaintiff waited over a year after filing his original case to re-file his Complaint. Plaintiff fails to provide a reasonable explanation for why he waited so long. Plaintiff asserts that he was waiting for a response from the Clerk of Court regarding his notice of change of address during this time period, and never received notice that his original Complaint had been dismissed. (Campbell Depo. at p. 21). In his deposition, Plaintiff admitted that, when he received no response from the Clerk of Court regarding his notice of change of address, Plaintiff knew that "something had to be done." (Campbell Depo. at p. 25). Plaintiff further testified that other inmates informed him at some time during this period that he could simply call the Clerk of Court and request the docket from his case. (Campbell Depo. at p. 23). Plaintiff further testified that the only thing that prevented him from taking action sooner was "dealing with the unknown, because I didn't know what was going on in the case. And that was the only thing. . ." (Campbell Depo. at p. 27). Plaintiff also indicated in his deposition that he needed to get help from someone, ostensibly another inmate, regarding his case, and was extremely busy preparing for his criminal trial, which ended on September 24, 2001. (Campbell Depo at p. 21). Plaintiff's

assertions, taken together, clearly demonstrate that he failed to exercise reasonable diligence in pursuing his case. Plaintiff cannot be excused from waiting an entire year to re-file his Complaint simply because he had a busy schedule and did not hear anything from the Clerk of Court during this time period regarding his case. Equitable tolling of the statute of limitations would therefore not be proper in this case. Accordingly, because all of Plaintiff's remaining federal claims in the instant action relate to his arrest on February 12, 2000, all remaining federal claims are barred by the statute of limitations and must be dismissed.[1]

B. State Law Claims

Plaintiff has also asserted pendant state law claims for false arrest, false imprisonment, obstruction of justice, negligence, gross negligence, and assault and battery.[2] Because Plaintiff's federal claims are dismissed, Plaintiff's pendent state law claims are dismissed pursuant to 28 U.S.C.A. § 1367(c)(3). See Regalbuto

---

[1] Even if Plaintiff's remaining claims against the District Attorney Defendants were not barred by the statute of limitations, they would still not survive summary judgment. Plaintiff admitted at his deposition that his claims against the District Attorney Defendants were not related to his February 12, 2000 arrest, but rather to the initiation of criminal proceedings against him. (See Campbell Depo at pp. 84-91). All claims related to the initiation of criminal proceedings against Plaintiff and malicious prosecution of Plaintiff were dismissed by this Court in its Order dated February 11, 2003.

[2] Plaintiff's state law claim for malicious prosecution was dismissed by the Court by Order dated February 11, 2003.

v. City of Phila., 937 F. Supp. 374, 380 (E.D. Pa. 1995), cert. denied, 519 U.S. 982 (1996) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.")).

IV. CONCLUSION

    Accordingly, the Motions for Summary Judgment filed by the Police Officer Defendants and the District Attorney Defendants will both be granted in their entirety.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD CAMPBELL | : | CIVIL ACTION |
| v. | : | |
| KELLY, et al. | : | NO. 02-6814 |

**ORDER**

**AND NOW**, this 14th day of July, 2003, upon consideration of the Motion for Summary Judgment filed by Defendants Lynne Abraham and Lee Kaplan (Docket # 30), the Motion for Summary Judgment filed by Officers Kelly, Gilbert, Kravitz and Keilly (Docket # 28), and all related submissions, **IT IS HEREBY ORDERED** that both Motions are **GRANTED** in their entirety. This case shall be closed for statistical purposes.

BY THE COURT:

_____

John R. Padova, J.